COLUMBIANA.<br/>December 1818<br/>Craighead<br/>v.<br/>Kemble.

## CRAIGHEAD vs. KEMBLE.

The defendant cannot demur generally, and plead to the whole declaration.
The statute allowing double pleading, extends to actions on penal statutes.

DEBT, QUI TAM.   GENERAL DEMURRER, AND NIL DEBIT.

LAIRD for the plaintiff, moved that the defendant be ruled to elect whether he would abide by his demurrer or plea, for that both could not be put in together, and cited 1st Saund. 286, 2d Saund. 380, 1 Wils. 248, 1st New Rep. 43, 6th East 333, 3d Caines 89, 263, 1 Hen. & Mun. 361. WRIGHT contra, contended that the practice under our statute had uniformly been to demur and plead at the same time.

PRESIDENT.—The statute authorises the defendant, with leave of the court, to plead as many several matters as he shall think necessary for his defence. A general demurrer to a declaration, is not a plea of any matter of defence to the action, but an excuse for not making such defence on account of the insufficiency of the matter alleged against the defendant; the court cannot, therefore, under this statute, allow a demurrer and plea to be put in together. In practice, leave to plead several matters, is seldom asked; it is taken for granted, that the court give leave; and, unless the plaintiff objects to the pleas put in, no question is made concerning the propriety of them. In this way, pleas improper, inconsistent and contradictory, may often be put in together; and in this way, I presume, it has happened, that demurrers and pleas have often been filed together to the same matter. This practice ought not to be sanctioned by the court, because the statute does not authorise it, and because a demurrer and plea in bar, are contradictory to each other. A demurrer confesses everything which is well

pleaded; the general issue denies every thing. When, on demurrer, the plaintiff's declaration is adjudged sufficient, he is entitled to judgment, because the cause of action stands confessed on the record. It seems a strange mode of proceeding to allow the defendant, without withdrawing such confession, to deny the matters so confessed, and put the plaintiff to the proof of them. There is no uniformity in the practice under the statute of Anne, for some contradictory pleas are allowed and others denied. The better practice would be to refuse leave, in all cases, to plead matters contradictory and repugnant. As to one objection, that the statute does not allow pleading double in *qui tam* actions, it may be observed that the proviso in the English statute is omitted in ours, so that the English decisions which support the objection do not apply here. Let the defendant elect whether he will try the cause on the plea or demurrer. *Demurrer withdrawn.*